UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN GOODWYN, on his own behalf and all
similarly situated individuals,

                                  CIVIL CASE NO.:

      Plaintiff,

v.

THE WHITESTONE GROUP, INC., a Foreign
Profit Corporation, and WHITESTONE
STAFFING, INC., a Foreign Profit Corporation,
and JOHN D. CLARK, JR., individually,

      Defendants.
_____/

## NATIONWIDE COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOHN GOODWYN ("Plaintiff"), on behalf of himself and other "Security Officer" employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, THE WHITESTONE GROUP, INC., ("TWG"), a Foreign Profit Corporation, and WHITESTONE STAFFING, INC. ("WS"), and JOHN D. CLARK, JR., ("JDC"), individually, (collectively "Defendants") and states as follows:

### JURISDICTION

1.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2.      The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3.      This Court has the authority to grant declaratory relief pursuant to the FLSA and the

federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4.    At all times material hereto, Plaintiff was and continues to be a resident of Henry County, Georgia.

5.    At all times material hereto, TWG was and continues to be a Foreign Profit Corporation.  Further, at all times material hereto, TWG was and continues to be engaged in business in Georgia, with a principle place of business in Henry County, Georgia.

6.    At all times material hereto, WS was and continues to be a Foreign Profit Corporation.  Further, at all times material hereto, WS was and continues to be engaged in business in Georgia, with a principle place of business in Henry County, Georgia.

7.    At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8.    At all times material hereto, JDC was and continues to be a resident of Franklin County, Ohio.

9.    At all times material hereto, JDC owned and operated TWG and WS.

10.   At all times material hereto, JDC regularly held and/or exercised the authority to hire and fire employees of TWG and WS.

11.   At all times material hereto, JDC regularly held and/or exercised the authority to determine the work schedules for the employees of TWG and WS.

12.   At all times material hereto, JDC regularly held and/or exercised the authority control the finances and operations of TWG and WS.

13.   By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of TWG and WS; (b) determine the work schedules for the employees of TWG and

WS; and (c) control the finances and operations of TWG and WS, JDC is an employer as defined by 29 U.S.C. 201 *et. seq.*

14.    At all times material hereto, Plaintiff was an "employee" of TGW within the meaning of FLSA.

15.    At all times material hereto, Plaintiff was an "employee" of WS within the meaning of FLSA.

16.    At all times material hereto, TWG was Plaintiff's "employer" within the meaning of FLSA.

17.    At all times material hereto, WS was Plaintiff's "employer" within the meaning of FLSA.

18.    At all times material hereto, Defendants were Plaintiff's "joint employer" within the meaning of FLSA.

19.    Defendants were and continue to be an "employer" within the meaning of FLSA.

20.    At all times material hereto, TWG was and continues to be "an enterprise engaged in commerce" within the meaning of FLSA.

21.    At all times material hereto, WS was and continues to be "an enterprise engaged in commerce" within the meaning of FLSA.

22.    At all times material hereto, TWG was and continues to be an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

23.    At all times material hereto, WS was and continues to be an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

24.    Based upon information and belief, the annual gross revenue of TWG was in excess of $500,000.00 per annum during the relevant time periods.

25.     Based upon information and belief, the annual gross revenue of WS was in excess of $500,000.00 per annum during the relevant time periods.

26.     Based upon information and belief, the annual gross revenue of Defendants collectively was in excess of $500,000.00 per annum during the relevant time periods.

27.     At all times material hereto, TWG had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

28.     At all times material hereto, WS had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

29.     At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

30.     At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

31.     The additional persons who may become plaintiffs in this action are/were "security guard" employees for Defendants, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

32.     At all times material hereto, the work performed by the Plaintiff and the similarly situated "security guard" employees was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

33.     On or about October of 2008, Defendants hired Plaintiff to work as a "security guard."

34.     At all times material hereto, Plaintiff was employed by Defendants as a non-exempt "security guard."

35.     At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

36.     At various material times hereto, Defendants were aware that Plaintiff worked in excess of forty (40) hours within a work week.

37.     From at least October of 2008, and continuing through the present, Defendants failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

38.     Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

39.     Defendants failed to maintain proper time records as mandated by the FLSA.

40.     To the extent they do exist, the majority of the relevant pay and time records at issue remain exclusively in the possession, custody, and control of the Defendants.

41.     Defendants have violated Title 29 U.S.C. §207 from October of 2008, and continuing through the present, in that:

        a.      Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

        b.      No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

c.    Defendants have failed to maintain proper time records as mandated by the FLSA.

42.    Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COLLECTIVE ACTION ALLEGATIONS

43.    Plaintiff and the class members were all "security guards" and performed the same or similar job duties as one another in that they provided security services on behalf of Defendants, to their customers.

44.    Further, Plaintiff and the class members were subjected to the same pay provisions in that they were all hourly-paid, but were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

45.    Defendants' failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that "security guards" are/were paid for overtime hours worked based on the Defendants' erroneous misclassification of its "security guards" employees as exempt from overtime.

46.    This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

**All "security guards" who worked for Defendants nationwide within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks.**

47.     Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

48.     Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

49.     During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

50.     Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

51.     Defendants have failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

52.     Plaintiff realleges and reavers paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53.     From at least October of 2008 and continuing through the present, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

54.     Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

55.    At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

56.    Specifically, at all times relevant hereto, the Defendants paid Plaintiff, and all "security guard" employees similarly situated, solely their hourly rate each week, with no additional payments made when they worked overtime hours.

57.    However, Defendants failed to pay Plaintiff, or those similarly situated to him, time and one-half for all hours worked over forty within a workweek.

58.    Defendants' actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA, as evidenced by their continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was, and is due.

59.    Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

60.    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

61.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

62.    At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4 with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for the compensation of such employees at a rate of less than time and a half

their "regular rate" of pay for all overtime hours worked.

63.     The "security guard" employees and former employees of Defendants similarly situated to Plaintiff, had similar job duties to Plaintiff, and were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks.

64.     Plaintiff demands a trial by jury.

## COUNT II
## DECLARATORY RELIEF

65.     Plaintiff adopts all allegations in paragraphs 1 through 64.

66.     Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

67.     The Court, also, has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act.  28 U.S.C. §§ 2201-2202.

68.     Plaintiff may obtain declaratory relief.

69.     Defendants employed Plaintiff.

70.     Defendant TWG employed Plaintiff.

71.     Defendant WS employed Plaintiff.

72.     Defendant TWG is an enterprise, subject to the coverage of the FLSA in 2008.

73.     Defendant TWG is an enterprise, subject to the coverage of the FLSA in 2009.

74.     Defendant TWG is an enterprise, subject to the coverage of the FLSA in 2010.

75.     Defendant TWG is an enterprise, subject to the coverage of the FLSA in 2011.

76.     Defendant WS is an enterprise, subject to the coverage of the FLSA in 2008.

77.     Defendant WS is an enterprise, subject to the coverage of the FLSA in 2009.

78.     Defendant WS is an enterprise, subject to the coverage of the FLSA in 2010.

79.     Defendant WS is an enterprise, subject to the coverage of the FLSA in 2011.

80.     Plaintiff was individually covered by the FLSA.

81.     Defendants failed to pay Plaintiff for all hours worked.

82.     Defendants failed to pay Plaintiff in a timely fashion, as required by the FLSA.

83.     Defendants did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

84.     Defendants failed to take affirmative steps to support a good faith defense.

85.     Plaintiff is entitled to liquidated damages.

86.     Defendants violations of the FLSA were willful.

87.     Defendants violated the FLSA, notwithstanding actual knowledge they were doing so.

88.     It is in the public interest to have these declarations of rights recorded.

89.     Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

90.     The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

91.     It is in the interest of all current and former "security guard" employees to get a declaratory judgment.

92.     Plaintiff demands trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

        a.      Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b.      Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

c.      Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d.      Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.      Awarding Plaintiff pre-judgment interest;

f.      Issuing an Order as soon as is practicable authorizing Plaintiff to send Notice of the instant lawsuit to all similarly situated "security guard" employed by Defendants within the past three (3) years, where Defendants stationed security guards Nationwide; and

g.      Ordering any other further relief the Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated:  September 30, 2011.

/s/ Deirdre M. Stephens Johnson
Deirdre M. Stephens Johnson, Esq.
Georgia Bar No. 678789
Morgan & Morgan, P.A.
191 Peachtree Street, NE
Suite 4200
Atlanta, Georgia 30303
Telephone: 404.965.8811
Fax: 404.965.8812
djohnson@forthepeople.com
Attorney for Plaintiff

Andrew Frisch, Esq.
Florida State Bar No. 2777
Morgan & Morgan, P.A.
6824 Griffin Road
Davie, Florida 33314
Telephone: 954.318.0268
Fax: 954.333.3515
afrisch@forthepeople.com
Attorney for Plaintiff

***Pending Pro Hac Vice Admission***